UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-110 |
| ZANDRIA JOHNSON | SECTION A(3) |

## ORDER AND REASONS

Before the Court is a **Motion to Vacate Pursuant to 28 U.S.C. § 2255** (**Rec. Doc. 187**) filed by Defendant Zandria Johnson. The United States of America ("the Government") opposes the motion **(Rec. Doc. 191).** Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Defendant's **Motion to Vacate Pursuant to 28 U.S.C. § 2255** (**Rec. Doc. 187**) is **DENIED** for the reasons set forth below.

**I.    Background**

On June 17, 2016 Zandria Johnson was indicted for charges associated with health care fraud. On March 29, 2017, Johnson entered a guilty plea to count one, conspiracy to commit health care fraud and wire fraud, pursuant to a plea agreement. On October 24, 2017, Johnson was sentenced to a term of one year and one day imprisonment. Johnson is scheduled to report to the Bureau of Prisons and begin her sentence on December 5, 2018. Johnson brings the instant motion to vacate the sentence under a claim of ineffective assistance of counsel. (Rec. Doc. 187, p. 1).

**II.    Legal Standard**

Section 2255 "provides the federal prisoner with a post-conviction remedy to test the legality of his detention by filing a motion to vacate judgment and sentence in his trial court." *U.S. v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004) (quoting *Kuhn v. U.S.*, 432 F.2d 82, 83 (5th Cir. 1970)). The statute establishes that a prisoner in custody under a sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence." *Id*. (quoting 28 U.S.C. § 2255). Where there has been a "denial or infringement of the constitutional rights of the prisoner as

1

to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* Relief under 28 U.S.C. § 2255 is reserved for violations of constitutional rights and for a narrow range of injuries in federal criminal cases that could not have been raised on direct appeal and would result in a fundamental miscarriage of justice. *U.S. v. Petrus,* 44 F.3d 1004 (5th Cir. 1994) (citing *U.S. v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

A district court may deny a Section 2255 motion without conducting any type of evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *U.S. v. Arguellas*, 78 Fed. Appx. 984, 986 (5th Cir. 2003) (quoting 28 U.S.C. § 2255; *U.S. v. Bartholomew,* 974 F.2d 39, 41 (5th Cir. 1992)). In those cases, however, where the record does not conclusively negate a prisoner's entitlement to relief, contested fact issues may not be decided on affidavits alone. *Id.* (citing *Owens v. U.S.*, 551 F.2d 1053, 1054 (5th Cir. 1977)). No hearing is necessary if the issues raised have been previously decided on direct appeal, contain no constitutional violation, or lack support in the record. *U.S. v. McCollom*, 664 F.2d 56, 59 (5th Cir. 1981) (citing *Buckelew v. U.S.*, 575 F.2d 515 (5th Cir. 1978)).

An accused is entitled, as a matter of constitutional law, to assistance of counsel. *U.S. v. Guerra*, 94 F.3d 989, 994 (5th Cir. 1996) (citing *Douglas v. Cal.*, 372 U.S. 353 (1963)). The representation must be effective. *Id.* (citing *Evitts v. Lucey*, 469 U.S. 387 (1985); *Lombard v. Lynaugh*, 868 F.2d 1475, 1481 (5th Cir. 1989)). To prevail on an ineffective assistance of counsel claim, the petitioner must satisfy the two-part test enunciated in *Strickland v. Washington,* 466 U.S. 668 (1984). First, the petitioner must establish that counsel's performance fell below an objective standard of reasonableness. *Grammas*, 376 F.3d at 436 (citing *Strickland* 466 U.S. at 687). This reasonableness standard requires that counsel "research relevant facts and law, or make an informed

2

decision that certain avenues will not be fruitful." *Id*. (quoting United *States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003)).

The second showing that the petitioner must make is that he was prejudiced by counsel's substandard performance. *Grammas*, 376 F.3d at 436. "To prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. (quoting *Conley*, 349 F.3d at 841-42). The United States Court of Appeals for the Fifth Circuit "consider[s] such factors as the defendant's actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances." *United States v. Seglar*, 37 F.3d 1131, 1136 (5th Cir. 1994). If the defendant makes an insufficient showing on either one of the two prongs of the *Strickland* test the court need not address the other. *Powell v. Owens*, 43 F.3d 670 (5th Cir. 1994) (not published) (citing *Strickland*, 466 U.S. at 697).

**III.    Discussion**

Johnson argues that her attorney provided ineffective assistance because he failed to object to inaccuracies within the Presentence Investigation Report ("PSR") and refused to provide a copy of the PSR to Johnson prior to sentencing. (Rec. Doc. 187, p. 8). Johnson asserts that the first pong of the *Strickland* test is met because this behavior of her attorney is not a reasonable and professional exercise of judgment. (*Id.*). Regarding the second prong of the *Strickland* test, Johnson argues that even though this Court generously sentenced Johnson to less than the recommended sentence, there is a reasonable probability the sentence would have been lower if she would have viewed the PSR and amended the errors. (*Id.*). Johnson contends that her counsel's deficient performance resulted in a potentially increased sentence. (*Id.*).

The Government counters that Johnson's motion should be denied because (1) it is untimely as Johnson has not yet reported to the Bureau of Prisons; (2) Johnson cannot establish that her prior counsel's failure to review the PSR with her or make the objections she now seeks to the PSR was ineffective; and (3) even if the Court finds that Johnson established that her prior counsel was ineffective, her below-guidelines sentences is evidence that she did not suffer prejudice. (Rec. Doc. 191, p. 4).

The timeliness of Johnson's motion depends on a determination of whether she is considered "in custody." 28 U.SC. § 2255, clearly states in part "a prisoner **in custody under sentence of a court** established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States."(Emphasis added). Section 2255 is only available to contest the validity of a sentence under which a petitioner is presently constrained. *Heflin v. United States*, 358 U.S. 415, 418, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959). As demonstrated by the Fifth Circuit in *Johnson v. U.S.,* 344 F.2d 401, 410 (5th Cir. 1965) and the Supreme Court in *Heflin*, this Court may disregard the technical procedural formalities and consider the substantive arguments presented by Johnson and her claim of ineffective assistance of counsel. As such, this Court declines to determine whether Johnson was "in custody" because the Court, nevertheless, holds that Johnson failed to establish any ineffectiveness of counsel.

The Government contends that counsel stated that he reviewed the PSR with Johnson prior to sentencing. (Rec. Doc. 191, p. 5). Assuming that Johnson's counsel did not review the PSR with her prior to sentencing, the Government argues that Johnson did not suffer any prejudice. (*Id.*, p. 8). The Government asserts that the objections to the PSR that Johnson raises are based off of information that was provided in the factual basis of her plea agreement. (*Id.*). The Government states that because the objections Johnson asserts in the motion to vacate are inconsistent with the factual basis Johnson signed, these objections would essentially renege the plea agreement and not allow Johnson

the three-level reduction recommended by the Government. (*Id.*, p. 6). The Government contends that these objections would have led to a higher adjusted offense level and consequently would have prohibited a reduction in the guidelines range. (*Id.*, p. 7).

The Court holds that regardless of whether Johnson's counsel's conduct fell below the objective standard of reasonableness, Johnson cannot demonstrate the second prong as required by *Strickland*. Johnson was not prejudiced by the performance of her counsel. As the Government establishes, the objections to the PSR are not such that but for counsel's unprofessional error regarding the PSR, she could have received a reduced sentence. The provisions she objects to were either presented in the factual basis of the plea agreement or were such that raising them would have been futile. Considering that the Court finds that there is no constitutional violation, a hearing is not necessary. Thus, Johnson's **Motion to Vacate Pursuant to 28 U.S.C. § 2255** (**Rec. Doc. 187**) is **DENIED** without an evidentiary hearing.

**IV.     Conclusion**

Accordingly;

IT IS ORDERED that the **Motion to Vacate Pursuant to 28 U.S.C. § 2255** (**Rec. Doc. 187**) filed by Defendant Zandria Johnson is **DENIED**.

New Orleans, Louisiana, this 26th day of October 2018

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE